JS 44 (Rev. 10/20)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

### I. (a) PLAINTIFFS
Michelle Johnson-Jones
4117 Decatur Street
Philadelphia, PA 19136

**(b)** County of Residence of First Listed Plaintiff    Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Graham F. Baird, Law Office of Eric A. Shore
2 Penn Center, 1500 JFK Blvd, Suite 1240, Philadelphia PA 19102
Tel: 267-546-0131

### DEFENDANTS
Temple University Hospital
3401 N. Broad Street
Philadelphia, PA 19140

County of Residence of First Listed Defendant    Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
      THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

### II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [X] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

### III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

### IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**

*PERSONAL INJURY*
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

*PERSONAL INJURY*
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

*PERSONAL PROPERTY*
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [X] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**

*Habeas Corpus:*
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty

*Other:*
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

### V. ORIGIN *(Place an "X" in One Box Only)*

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

### VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C.A. § 12101 et seq
Brief description of cause:
Americans with Disabilities Act

### VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $   150,000

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes   [ ] No

### VIII. RELATED CASE(S) IF ANY
*(See instructions):*    JUDGE _____ DOCKET NUMBER _____

DATE   7/19/2021

SIGNATURE OF ATTORNEY OF RECORD

### FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

**IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA**

## CASE MANAGEMENT TRACK DESIGNATION FORM

|  |  |  |
|---|---|---|
| | : | CIVIL ACTION |
| Michelle Johnson-Jones | : | |
| v. | : | |
| Temple University Hospital | : | |
| | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.       ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
 and Human Services denying plaintiff Social Security Benefits.        ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
 exposure to asbestos.        ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
 commonly referred to as complex and that need special or intense management by
 the court. (See reverse side of this form for a detailed explanation of special
 management cases.)        ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X )

| | | |
|---|---|---|
| 7/19/2021 | Graham F. Baird | Michelle Johnson-Jones |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 267-546-0131 | 215-944-6124 | GrahamB@ericshore.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

**(Civ. 660) 10/02**

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 4117 Decatur Street, Philadelphia, PA 19136

Address of Defendant: 3401 N. Broad Street, Philadelphia, PA 19140

Place of Accident, Incident or Transaction: 3401 N. Broad Street, Philadelphia, PA 19140

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☒

I certify that, to my knowledge, the within case ☐ is / ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 7/19/2021        _____        92692
                    *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.    Federal Question Cases:**

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
      *(Please specify):* _____

**B.    Diversity Jurisdiction Cases:**

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify):* _____
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
      *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, Graham F. Baird _____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: 7/19/2021        _____        92692
                    *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

---

| | | |
|---|---|---|
| MICHELLE JOHNSON-JONES | : | |
| 4117 Decatur Street | : | |
| Philadelphia, PA 19136 | : | |
| | : | JURY DEMANDED |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | No. |
| TEMPLE UNIVERSITY HOSPITAL | : | |
| 3401 N Broad St | : | |
| Philadelphia, PA 19140 | : | |
| | : | |
| Defendant | : | |

---

## CIVIL ACTION COMPLAINT

And now Plaintiff, Michelle Johnson-Jones, by and through her undersigned counsel, files this Complaint alleging that her rights, pursuant to the Americans with Disabilities Act of 1990, the Family and Medical Leave Act and the Pennsylvania Human Relations Act have been violated and avers as follows:

**I.  Parties and Reasons for Jurisdiction.**

1.      Plaintiff, Michelle Johnson-Jones (hereinafter "Plaintiff"), is an adult individual residing at the above address.

2.      Defendant, Temple University Hospital (hereinafter "Defendant"), is a corporation organized and existing under the laws of Pennsylvania, with a principle place of business at the above address.

3.      At all times material hereto, Defendant acted by and through its agents, servants, and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendant.

4.      Plaintiff exhausted her administrative remedies with the City of Philadelphia Commission on Human Relations.  (See Exhibit "A," a true and correct copy of a dismissal and notice of rights issued by the City of Philadelphia Commission on Human Relations.)

5.      This action is instituted pursuant to the Americans with Disabilities and applicable federal and state law.

6.      Jurisdiction is conferred by 28 U.S.C. §§ 1331 and 1343.

7.      Supplemental jurisdiction over Plaintiff's state law claims is conferred pursuant to 28 U.S.C. § 1367.

8.      Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because Defendant conducts business in this district, and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district. Plaintiff was working for Defendant in the Eastern District of Pennsylvania at the time of the illegal actions by Defendant as set forth herein.

**II. Administrative Remedies**

9.      On or about August 27, 2019, Plaintiff filed a Charge of Discrimination with the City of Philadelphia Commission on Human Relations ("PCHR"), which was docketed as PCHR Charge No. 2019-08-262090, alleging discrimination from Defendant, and dual filed with the Equal Employment Opportunity Commission ("EEOC").

10.     Plaintiff has been advised of her individual right to bring a civil action by receiving a Notice of Rights from the PHRC, dated December 18, 2020.

11.     Plaintiff has exhausted the administrative remedies available to her, and all necessary and appropriate administrative prerequisites to the filing of this Complaint have occurred and been satisfied.

2

**III. Operative Facts.**

12.     Defendant hired Plaintiff on December 14, 2015 as a Community Health Worker.

13.     Plaintiff performed all duties asked of her without any complaints or issues.

14.     Plaintiff is disabled and suffers from severe asthma.

15.     Plaintiff has a disabled son.

16.     Plaintiff was on intermittent Family and Medical Leave to care for her disabled son.

17.     While working for Defendant, Plaintiff complained on multiple occasions about unsanitary working conditions.

18.     Plaintiff suffered from asthma attacks due to unsanitary working conditions.

19.     In January of 2019, Plaintiff was taken out of work for five days by her physician due to complications with her asthma.

20.     Plaintiff requested a leave of absence from January 29, 2019 through February 2, 2019 that was denied by Defendant.

21.     When Plaintiff returned to work, she received a write-up from her manager Jeffrey Slocum for missing work.

22.     On July 25, 2019, Plaintiff began having pains in her back and informed her manager, Theresa David that she had to leave to go to the doctor.

23.     Due to the pain in her back the urologist made an appointment for July 26, 2019, to have an ultrasound of her kidneys.

24.     Plaintiff called Defendant and informed them that she would not be able to come in on July 26, 2019.

25.     When Plaintiff returned back to work on July 29, 2019, she was informed that she was terminated because she accumulated too many negative attendance points due to calling out on July 25, 2019.

**IV. Causes of Action.**

### COUNT I
### TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT DISCRIMINATION
### (42 U.S.C.A. § 12101 et seq)

26.     Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

27.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq, an employer may not discriminate against an employee based on a disability.

28.     Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

29.     Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

30.     At all times material hereto, Plaintiff had a qualified disability, as described above.

31.     Plaintiff further alleges that Defendant violated the ADA by failing to engage her in the interactive process and provide her with reasonable accommodations for her disabilities.

32.     Defendant's conduct in terminating Plaintiff is an adverse action, was taken as a result of her disability and constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq,.

33.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

34.     As a result of the conduct of Defendants' owners/management, Plaintiff hereby demands punitive damages.

35.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq

36.     Plaintiff demands attorneys' fees and court costs.

### COUNT II
### TITLE I CLAIM--AMERICANS WITH DISABILITIES ACT
### FAILURE TO ACCOMMODATE
### (42 U.S.C.A. § 12101 et seq)

37.     Plaintiff incorporates the preceding paragraphs as if fully set forth at length herein.

38.     At all times material hereto, and pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., an employer may not discriminate against an employee based on a disability.

39.     Plaintiff is a qualified employee and person within the definition of Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

40.     Defendant is an "employer" and thereby subject to the strictures of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

41.     At all times material hereto, Plaintiff has a qualified disability, as described above.

5

42.     Defendant's conduct in refusing to provide Plaintiff with reasonable accommodations for her disability after receiving notice of said disability constitutes a violation of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq.

43.     Defendant failed to engage in a meaningful back and forth discussion after Plaintiff again told Defendant she needed medical accommodations.

44.     Defendant failed to reasonably accommodate Plaintiff's disability.

45.     Plaintiff further alleges that Defendant violated the ADA by failing to engage her in the interactive process and provide her with reasonable accommodations for her disabilities.

46.     As a proximate result of Defendant's conduct, Plaintiff has sustained significant damages, including but not limited to: emotional distress, mental anguish, humiliation, pain and suffering, and consequential damages.

47.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

48.     Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, et seq., Plaintiff demands attorneys' fees and court costs.

## COUNT III
## VIOLATION OF FMLA
### (29 U.S.C. §2601 et seq.)

49.     Plaintiff incorporates paragraphs 1-48 as if fully set forth at length herein.

50.     As set forth above, Plaintiff was entitled to and qualified for medical leave pursuant to the FMLA, 29 U.S.C. §2601, et seq.

51.     Defendant's motivation in terminating Plaintiff's employment was based, in part, upon her taking permissible FMLA leave.

52.     Defendant terminated Plaintiff as a result of her utilizing intermittent FMLA leave.

53.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of her earning power and capacity and a claim is made therefore.

54.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive and/or liquidated damages.

55.     Pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §2601, et seq Plaintiff demands attorneys' fees and court costs.

**COUNT IV**
**PENNSYLVANIA HUMAN RELATIONS ACT**
**43 Pa.C.S.A. §951, et seq.**
**(Plaintiff v. Defendants)**

56.     Plaintiff incorporates paragraphs 1-55 as if fully set forth at length herein.

57.     As set forth above, Plaintiff is a member of a protected class.

58.     Defendant failed to accommodate or otherwise engage in a meaningful back and forth towards the development of a reasonable accommodation.

59.     Defendant terminated Plaintiff's employment.

60.     As set forth above, a motivating factor in the decision to terminate Plaintiff's employment is Plaintiff's disability.

61.     Plaintiff suffered disparate treatment in the manner in which she was terminated as compared to similarly situated able-bodied employees, who received more favorable treatment by Defendant.

62.     As such, Defendant violated the Pennsylvania Human Relations Act, 43 Pa.C.S.A. §951, et seq.

63.     As a proximate result of Defendant's conduct, Plaintiff sustained significant damages, including but not limited to: great economic loss, future lost earning capacity, lost opportunity, loss of future wages, loss of front pay, loss of back pay, as well as emotional distress, mental anguish, humiliation, pain and suffering, consequential damages and Plaintiff has also sustained work loss, loss of opportunity, and a permanent diminution of earning power and capacity and a claim is made therefore.

64.     As a result of the conduct of Defendant's owners/management, Plaintiff hereby demands punitive damages.

65.     Plaintiff demands attorneys' fees and court costs.

**WHEREFORE,** Plaintiff, Michelle Johnson-Jones, demands judgment in her favor and against Defendant, Temple University, in an amount in excess of $150,000.00 together with:

A.  Compensatory damages, including injury to reputation, mental and emotional distress, pain and suffering

B.  Punitive damages;

C.  Attorneys' fees and costs of suit;

D.  Interest, delay damages; and,

E.  Any other further relief this Court deems just proper and equitable.

**LAW OFFICES OF ERIC A. SHORE, P.C.**

BY: _____
**GRAHAM BAIRD, ESQUIRE**
Two Penn Center, Suite 1240
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
Tel.: 267-546-0131
Fax: (215) 944-6124
Email: GrahamB@ericshore.com
*Attorney for Plaintiff, Michelle Johnson-Jones*

Date:  7/19/2021

9

# EXH. A



# PHILADELPHIA COMMISSION ON HUMAN RELATIONS

## DISMISSAL AND NOTICE OF RIGHTS

**To:**

Scott K. Johnson, Esquire
Law Offices of Eric A. Shore
2 Penn Center, Suite 1240
1500 JFK Blvd
Philadelphia, PA 19102

From:
Philadelphia Commission on Human Relations
601 Walnut Street, Suite 300 South
Philadelphia, PA 19106
215-686-4670 (p) 215-686-4684(f)

**PCHR Complaint No.:  2019-08-26-2090**          **Date of Commission Decision: 12/18/2020**

**Re:  Michelle Johnson-Jones v. Temple University Hospital**

**The Philadelphia Commission on Human Relations is closing its file on this complaint for the following reasons**

☐**Charge Not Substantiated** – The PCHR is unable to conclude that the information obtained through our investigation establishes a violation of the Philadelphia Fair Practices Ordinance.  This does not certify that *the Respondent is* in compliance with the Philadelphia Fair Practices Ordinance.  No finding is made as to any other issues that might be construed as having been raised by this complaint.

☐**Failure to Cooperate** – After 30 days in which to respond, the Complainant failed to provide information, failed to appear or to be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve the complaint.

☐**Failure to Locate** – Though reasonable efforts were made to locate the Complainant, we were not able to do so.

☐**Complaint Withdrawn** – The PCHR has complied with the Complainant's request for withdrawal of the complaint referenced above.

☐**Lack of Jurisdiction** – The facts alleged in the complaint fail to state a claim over which the PCHR has enforcement authority because the Complainant waited too long after the date(s) of the alleged discrimination to file the complaint, the discrimination alleged occurred outside Philadelphia or for some other reason(s).

☐**Satisfactorily Adjusted** – The parties entered a settlement agreement that provides relief for the harm(s) alleged.

☐**Waiver to EEOC** – The Complainant has requested that the case be waived to the Equal Employment Opportunity commission for further processing.

☒**Right to Sue Requested** – Notice received that a right to sue was requested from the EEOC in this dual-filed matter.  Complainant has the right to pursue this claim in the appropriate state or federal court.

☐**Conciliation** – After a finding of probable cause, the parties entered a conciliation agreement that provides full relief for the violations established by our investigation.  The complaint will be closed accordingly, but the Conciliation Agreement will remain on file and subject to review by the Commission during the period it is in effect.

☐**Other** – Administrative Action.  Staff Determination

No further action is required at this time.

On behalf of the Commission

**Name**                                                                                  **Date** 12.24.20